IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

        Plaintiff,

        v.

YOLO COUNTY DISTRICT ATTORNEY JEFF REISIG, FORMER YOLO COUNTY DISTRICT ATTORNEY DAVE HENDERSON, DEPUTY D.A. ALVINA TZANG, YOLO COUNTY TRANSPORTATION DISTRICT DIRECTOR TERRY BASSETT,

        Defendants.
/

No. 2:10-cv-02939 FCD KJN PS

ORDER

        Plaintiff, who is proceeding without counsel, filed his complaint on November 1, 2010.[1] Presently before the court is plaintiff's application to proceed in forma pauperis. For the reasons state below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2). Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint as provided herein.

I.      <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1 § 1915. (Dkt. No. 2.) Although plaintiff's statements regarding his recent income make the determination of plaintiff's eligibility for in forma pauperis status a relatively close call, plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. Under the notice pleading standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

1  Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  <u>Corrie v. Caterpillar</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See <u>Lopez</u>, 203 F.3d at 1130-31.

II.     <u>Screening of Plaintiff's Complaint</u>

Plaintiff's 18-page, 98-paragraph complaint alleges facts about events that occurred over approximately a ten-year period from 1999 through 2009.  Generally, plaintiff's claims, all of which appear to allege violations of 42 U.S.C. § 1983 (Compl. ¶ 4), relate to his myriad arrests and prosecutions in Yolo County, often involving incidents on the county's public transportation system.  The vast majority of these claims are duplicative of claims that plaintiff asserted in a prior lawsuit filed against the very same defendants named here.  The undersigned will address plaintiff's duplicative claims and non-duplicative claims in turn.

A.     <u>Duplicative Claims: Counts IV through XXXII</u>

As noted above, plaintiff filed his complaint on November 1, 2010.  His complaint alleges 32 "counts" against defendant Jeff Reisig, who is alleged to be the current District Attorney for Yolo County; defendant Dave Henderson, who is alleged to be a former District Attorney for Yolo County; defendant Alvina Tzang, who is alleged to be a Deputy

3

District Attorney for Yolo County; and defendant Terry Bassett, who is alleged to be the director of the Yolo County Transportation District.  Plaintiff seeks $63 million in compensatory damages, $21 million in punitive damages, injunctive relief, and costs.

A review of the court's own records[2] reveals that on November 1, 2006, plaintiff filed a complaint in this court in the matter of Sherman v. Henderson, et al., No. 2:06-cv-02414 GEB GGH P (E.D. Cal.) ("Sherman I").[3]  The operative Amended Complaint in Sherman I alleged 27 claims for relief against parties including all of the defendants named in the present action.  (Sherman I, Dkt. No. 10.)  In Sherman I, plaintiff sought $60 million in compensatory damages, $21 million in punitive damages, injunctive relief, and costs.

The claims numbered IV through XXXII in the present action are virtually identical to the claims alleged in Sherman I and are premised on virtually identical factual allegations.  The district court in Sherman I dismissed the claims alleged therein and entered judgment on May 9, 2008 (Sherman I, Dkt. Nos. 29, 30).  The Ninth Circuit Court of Appeals affirmed the district court on June 4, 2010, in Sherman v. Henderson, 382 Fed. Appx. 557 (9th Cir. 2010).  The United States Supreme Court denied plaintiff's petition for certiorari.  Sherman v. Henderson, 131 S. Ct. 465 (2010).  Because claims IV through XXXII in this action are duplicative of the claims and allegations in Sherman I, the undersigned dismisses those claims pursuant to the screening authority provided in 28 U.S.C. § 1915(e)(2)(B)(I).  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of then-numbered 28 U.S.C. § 1915(d)).

---

[2]  A court may take judicial notice of court records and other matters of public record. See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1037 (9th Cir. 2005); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995), cert. denied 516 U.S. 964 (1995).

[3]  The use of the short-form term "Sherman I" is somewhat misleading in that plaintiff has previously filed over 20 actions in this court.

4

1    Plaintiff's claims numbered I through III in the present action are not duplicative
2 of those alleged in Sherman I.  As discussed below, however, those claims will be dismissed
3 without prejudice, and plaintiff will be given an opportunity to file an amended complaint.  Any
4 such amended complaint should not re-plead the duplicative claims, i.e., claims IV through
5 XXXII, which are dismissed by this order.

6    B.    Non-Duplicative Claims: Counts I, II, and III

7    Plaintiff's claims numbered I through III are arguably not duplicative of the claims
8 asserted in Sherman I and involve events that occurred in the year 2009.  Nevertheless, the
9 undersigned will dismiss these claims without prejudice because plaintiff "fails to state a claim
10 on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11    Count I in plaintiff's complaint alleges a vast conspiracy to violate plaintiff's
12 Fourteenth Amendment right to equal protection of the law, which conspiracy was allegedly
13 carried out by defendants and others in the County of Yolo and City of Davis.  (See Compl. ¶ 9.)
14 Count I consists of a series of rather disconnected allegations that is largely incomprehensible.
15 The allegations in Count I are not specific to any time frame[4] or any specific actions by specific
16 persons.  Plaintiff simply alleges a series of goals and motives of the conspiracy:

> Goals of conspiracy were & are to defeat & ruin Sherman by running him out of town &/or wearing him down & destroying him through deprivation of career, income, housing, & his rights in general, & include a plot to commit murder through false accusation & Corresponding plot resulting in death row.  Conspiracy motives include discrimination pursuant to Sherman's religious evangelism activities, low income discrimination, & whitewashing/cover-up of prior violative acts against Sherman by these same agencies & individuals.  Conspiracy is self-manifesting through reciprocal acts of Defendants to prop up violative acts of Davis police & Davis atheists & others against Sherman through malicious prosecutions,

---

[4] The only allegations in Count I pertaining to a specific time period reference the years 2002-2004, but are indecipherable and seemingly unconnected to any other allegations in Count I.  Plaintiff alleges: "Plot is evidenced further by a gallows made out of I-beams, with a man hostage in a cage awaiting execution in the base of the gallows, that was located in Davis Commons shopping center in 2003.  From 2002-2004 almost a dozen restaurants opened within a square mi. of each other in downtown Davis with names containing phonemes of 'beast,' 'row,' & 'rape.'" (Compl. ¶ 9.)

        & Davis police' & Yolobus' repeated acts of unreasonable seizures in attempt to whitewash their prior crimes against Sherman where Sherman had been vindicated in courts of law.

(Id.)  Simply stated, plaintiff's allegations in Count I violate the notice pleading standards described above because Count I neither contains a short and plain statement of plaintiff's claims showing entitlement to relief nor contains enough facts to state a claim to relief that is plausible on its face.  Accordingly, Count I will be dismissed, but plaintiff will be given an opportunity to correct these deficiencies in an amended complaint.  To the extent that Count I is simply an "umbrella" claim that incorporates the claims that are dismissed as duplicative in this order, plaintiff should not re-plead Count I in any amended complaint.

        In "Count II," plaintiff alleges that defendants Reisig and Tzang engaged in the malicious prosecution of plaintiff on or around October 20-22, 2009, in "Yolo cs. 09-4111." (Compl. ¶ 10.)  Plaintiff alleges that he was prosecuted for violating California Vehicle Code § 2800 for "disobeying an order of CHP officer."  (Id.)  He further alleges that he "was holding up signs in a protected public forum area" and that "there was no probable cause for prosecution."  (Id.)  Plaintiff also alleges that this prosecution "directly resulted in 93 days of hostage captivity . . . pursuant to [an] unjust jail sentence."  (Id. ¶ 14.)  Plaintiff alleges violations of his rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  (Id. ¶¶ 10, 13, 14.)

        Plaintiff's malicious prosecution claim alleged in Count II fails to state a claim on which relief may be granted because plaintiff has not alleged that the criminal prosecution was ultimately resolved in plaintiff's favor.  An essential element of a claim of malicious prosecution that must be alleged and proven in an action brought pursuant to 42 U.S.C. § 1983 is that the criminal proceeding in question terminated in favor of the accused.  See Heck v. Humphrey, 512 U.S. 477, 485 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); accord Guerrero v. Gates, 442 F.3d 697, 704 (9th Cir. 2006); RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045,

1060 n.11 (9th Cir. 2002). Plaintiff has not alleged that the prosecution in case number 09-4111 terminated in his favor. To the contrary, plaintiff alleges that the prosecution resulted in plaintiff serving a jail sentence of 93 days (Compl. ¶ 14), and nothing in the complaint suggests that plaintiff's conviction was reversed or otherwise invalidated. Accordingly, plaintiff's malicious prosecution claim does not state a claim on which relief may be granted.

Also in Count II, plaintiff alleges a violation of his "Fifth Amendment rights to due process" as a result of the alleged malicious prosecution. (Compl. ¶ 10.) As presently pled, plaintiff's claim fails to state a claim on which relief may be granted to the extent that it is premised on the Fifth Amendment to the United States Constitution. This pleading failure is because the Fifth Amendment applies to the actions of the federal government, not individuals acting on behalf of a state or local government. The Ninth Circuit Court of Appeals has plainly held that "[t]he Due Process Clause of the Fifth Amendment . . . [applies] only to actions of the federal government—not to those of state or local governments." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001); see also Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("The Fifth Amendment's due process clause only applies to the federal government."); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States . . . ."). Here, plaintiff has not alleged that any of the defendants are federal actors. Moreover, plaintiff's complaint alleges that plaintiff was prosecuted in state court. Accordingly, Count II fails to state a claim on which relief may be granted to the extent it alleges a violation of plaintiff's Fifth Amendment rights to due process.

Plaintiff also cursorily alleges in Count II that defendants conspired to cover up evidence of past acts of invidious discrimination during the trial and conspired to concoct a guilty verdict. (Compl. ¶ 11.) He alleges that defendants, members of the jury, the judge, and the court's bailiff were all members of this conspiracy. At a minimum, this claim fails as pled

7

because plaintiff's claim necessarily implies the invalidity of plaintiff's conviction or sentence, but plaintiff has not alleged that the conviction or sentence was ultimately invalidated, expunged, or reversed. In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted). Thus, "[i]f 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' then 'the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" Whitaker v. Garcetti, 486 F.3d 572, 583 (9th Cir. 2007) (quoting Heck, 512 U.S. at 487). Plaintiff has not met the pleading requirements presented in Heck. Accordingly, plaintiff's claim fails to state a claim on which relief may be granted.[5]

In Count III, plaintiff alleges that the alleged malicious prosecution of plaintiff in case number 09-4111 and resulting imprisonment had a "chilling effect" on plaintiff's protected First Amendment speech activities. (Compl. ¶ 15.) Thus, Count III appears to be entirely contingent on Count II. Plaintiff has not explained with any clarity how the alleged malicious prosecution and plaintiff's imprisonment allegedly chilled plaintiff's speech activities in violation of the First Amendment. In any event, this claim is barred by Heck because it necessarily calls into question the validity of plaintiff's conviction or sentence, which plaintiff has failed to allege was invalidated, expunged, or reversed. Accordingly, Count III fails to state a claim on which relief may be granted, and the undersigned will dismiss Count III without

---

[5] Plaintiff also alleges in passing that his "captivity" that resulted from the conviction constituted an unreasonable seizure in violation of his Fourth Amendment rights. This Fourth Amendment claim is also barred by the holding in Heck.

8

Case 2:10-cv-02939-MCE-KJN   Document 3   Filed 12/14/10   Page 9 of 10

prejudice.

As discussed above, the undersigned dismisses all of plaintiff's claims. However, plaintiff will be permitted an opportunity to file an amended complaint that, if possible, cures the deficiencies identified as to Counts I through III.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted 30 days from the date of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed. Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

////

////

////

1         IT IS SO ORDERED.

2 DATED: December 13, 2010

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE