IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

        Plaintiff,

        v.

YOLO COUNTY FORMER DISTRICT ATTORNEY DAVE HENDERSON; DEPUTY D.A. ALVINA TZANG; and YOLO COUNTY TRANSPORTATION DISTRICT DIRECTOR TERRY BASSETT,

        Defendants.

No. 2:10-cv-02939 FCD KJN PS

ORDER

/

        Presently before the court is plaintiff's "Motion for Relief From Judgment," filed pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). The undersigned: (1) denies plaintiff's Rule 59(e) motion because no judgment has yet been entered in this action; and (2) denies plaintiff's Rule 60(b)(6) motion because "extraordinary circumstances" do not support the relief requested.

        Plaintiff, who is proceeding without counsel, filed his complaint and application to proceed in forma pauperis on November 1, 2010. On December 14, 2010, the undersigned entered an order granting plaintiff's application to proceed in forma pauperis, but dismissing

plaintiff's complaint with leave to file a first amended complaint. (Order, Dec. 14, 2010, Dkt. No. 3.) On December 23, 2010, plaintiff filed objections to the court's order, which the undersigned construed as a motion for reconsideration. (See Order, Jan. 11, 2011, Dkt. No. 5.) The undersigned overruled plaintiff's objections. (Id.)

Plaintiff filed a First Amended Complaint on January 20, 2011. (First Am. Compl., Dkt. No. 6.) On January 24, 2011, plaintiff filed the pending motion for relief from judgment. Plaintiff's motion does not actually seek relief from a "judgment;" instead, plaintiff seeks relief from the orders entered in this action on December 14, 2010, and January 11, 2011.

Plaintiff contends that he filed his motion, in part, pursuant to Federal Rule of Civil Procedure 59(e), which provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Here, no judgment has been entered in this case and, therefore, there is no judgment to alter or amend. Accordingly, plaintiff's request for relief pursuant to Rule 59(e) is denied.

Plaintiff also filed his motion pursuant to Federal Rule of Civil Procedure 60(b), which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

1  Plaintiff only relies on the "catch-all" provision of Rule 60(b)(6) in seeking relief from the
2  court's screening order and order overruling plaintiff's objections to a prior order.  The "other
3  reason" clause of Rule 60(b)(6) permits courts to "vacate judgments whenever such action is
4  appropriate to accomplish justice," Klapprott v. United States, 335 U.S. 601, 614-15 (1949), and
5  a party seeking relief under that rule must show "extraordinary circumstances" justifying
6  reopening a case.  See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (stating that "our cases
7  have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances'
8  justifying the reopening of a final judgment"); accord Lal v. California, 610 F.3d 518, 524 (9th
9  Cir. 2010) ("We use Rule 60(b)(6) sparingly as an equitable remedy to prevent manifest
10 injustice.") (citation and quotation marks omitted); United States v. Washington, 593 F.3d 790,
11 799-800 (9th Cir. 2010) (en banc) (stating that "reopening under Rule 60(b)(6) is permitted only
12 on a showing of 'extraordinary circumstances'") (citation and quotation marks omitted).

13         Here, plaintiff cites no equitable reasons or other extraordinary circumstances that
14 justify relief from the court's orders.  Plaintiff's only complaint is that the previously entered
15 orders were, in plaintiff's view, wrongly decided.  This viewpoint is an insufficient basis to
16 justify relief under Rule 60(b)(6) and, accordingly, plaintiff's request for relief pursuant to Rule
17 60(b)(6) is denied.

18         For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for
19 relief from judgment (Dkt. No. 7) is denied.

20         IT IS SO ORDERED.

21 DATED: June 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE