IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

        Plaintiff,                    No. 2:10-cv-02939 MCE KJN PS

    v.

YOLO COUNTY FORMER DISTRICT ATTORNEY DAVE HENDERSON; DEPUTY D.A. ALVINA TZANG; and YOLO COUNTY TRANSPORTATION DISTRICT DIRECTOR TERRY BASSETT,

        Defendants.             ORDER

_____/

        Plaintiff is proceeding without counsel and in forma pauperis.[1] Presently before the court for screening pursuant to 28 U.S.C. § 1915(e)(2) is plaintiff's 31-page, 164-paragraph First Amended Complaint that alleges 65 claims for relief (Dkt. No. 6). By this order, the undersigned dismisses plaintiff's First Amended Complaint without prejudice and grants plaintiff a *final* opportunity to file a further amended complaint that complies with the notice pleading requirements of Federal Rule of Civil Procedure 8(a).

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiff filed his complaint and application to proceed in forma pauperis on November 1, 2010. On December 14, 2010, the undersigned entered an order granting plaintiff's application to proceed in forma pauperis, but dismissing plaintiff's complaint with leave to file a first amended complaint. (Order, Dec. 14, 2010, Dkt. No. 3.) After reviewing plaintiff's 18-page, 98-paragraph complaint alleging 32 claims for relief, the undersigned dismissed all of plaintiff's claims and granted plaintiff leave to attempt to cure the defects identified in regards to claims one through three. (Id. at 9.) In short, all but the first three claims alleged in plaintiff's complaint were duplicative of another case filed by plaintiff. (Id. at 4.)

Plaintiff filed his First Amended Complaint on January 20, 2011.[2] (First Am. Compl., Dkt. No. 6.) As noted above, rather than attempt to cure the defects in the three non-duplicative claims identified by the court, plaintiff's First Amended Complaint is 31 pages long and alleges 65 claims for relief in 164 paragraphs. Plaintiff seeks $84 million dollars in compensatory and punitive damages.

The undersigned dismisses the First Amended Complaint for failing to meet notice pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff's First Amended Complaint contains anything but "a short and plain

---

[2] After filing his First Amended Complaint, plaintiff filed a motion for relief from the court's screening order addressed to plaintiff's original complaint (Dkt. No. 7). The court denied plaintiff's motion on June 10, 2011 (Dkt. No. 8).

2

statement" of plaintiff's claims showing an entitlement to relief.  See Fed. R. Civ. P. 8(a)(2). The court will not pore through plaintiff's vague, confusing, and overly lengthy pleading in an attempt to root out some valid claim or claims that can proceed.  In discussing a dismissal for failure to comply with Rule 8 and the court's orders regarding the amendment of a prior complaint, a panel of the Ninth Circuit Court of Appeals summarized the ills of confusing or vague complaints as follows:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.  As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what.  Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . .
>
> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit.  He then must manage the litigation without knowing what claims are made against whom.  This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996); see also Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (addressing dismissals for overly lengthy complaints and stating that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations").

Plaintiff's First Amended Complaint suffers from the ills identified above, and fails to include a short and plain statement of plaintiff's claims as required by Rule 8(a). Moreover, plaintiff's First Amended Complaint violates the court's previous order granting plaintiff leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed without prejudice.

2.      Plaintiff is granted 30 days from the date of this order to file a second amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be entitled "Second Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint."  N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

IT IS SO ORDERED.

DATED: April 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE