IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

　　　　Plaintiff,　　　　　　　　No. 2:10-cv-02939 MCE KJN PS

　　　v.

YOLO COUNTY FORMER DISTRICT
ATTORNEY DAVE HENDERSON et al.,

　　　　Defendants.　　　　　FINDINGS AND RECOMMENDATIONS

_____/

　　　　Through these proposed findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice and that this case be closed.[1] Although plaintiff was granted leave to file a second amended complaint, plaintiff twice failed to do so and also failed to respond to an order to show cause.

I.　　BACKGROUND

　　　　Plaintiff is proceeding without counsel. On April 9, 2012, the undersigned screened plaintiff's First Amended Complaint as required by 28 U.S.C. § 1915(e)(2). (Order, Apr. 9, 2012, Dkt. No. 10.) The undersigned dismissed plaintiff's First Amended Complaint

_____

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   without prejudice and granted plaintiff 30 days to file a second amended complaint.  Plaintiff

2   failed to file a second amended complaint.

3          As a result of plaintiff's failure to file a second amended complaint, the

4   undersigned entered an order to show cause ("OSC"), which required plaintiff to: (1) "show

5   cause in writing, no later than June 14, 2012, why this case should not be dismissed for plaintiff's

6   failure to prosecute the action and failure to follow the court's orders"; and (2) "file a second

7   amended complaint that addresses the issues raised in the court's screening order entered on

8   April 9, 2012," no later than June 14, 2012.  (OSC at 2-3, May 31, 2012, Dkt. No. 11.)  In

9   ordering plaintiff to show cause, the undersigned warned plaintiff: plaintiff's failure to file the

10  required writing or the further amended complaint "shall constitute an additional ground for, *and*

11  *plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that

12  plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil

13  Procedure 41(b) and Local Rules 110 and 183(a)."  (Id. at 3.)  The OSC also advised plaintiff as

14  follows:

15          Eastern District Local Rule 110 provides that "[f]ailure of counsel
        or of a party to comply with these Rules or with any order of the Court
16      may be grounds for imposition by the Court of any and all sanctions
        authorized by statute or Rule or within the inherent power of the Court."
17      Moreover, Eastern District Local Rule 183(a) provides, in part:

18          Any individual representing himself or herself without an
        attorney is bound by the Federal Rules of Civil or Criminal
19      Procedure, these Rules, and all other applicable law.  All
        obligations placed on "counsel" by these Rules apply to
20      individuals appearing in propria persona.  Failure to comply
        therewith may be ground for dismissal . . . or any other
21      sanction appropriate under these Rules.

22          See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se
        litigants must follow the same rules of procedure that govern other
23      litigants.").  Case law is in accord that a district court may impose
        sanctions, including involuntary dismissal of a plaintiff's case with
24      prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that
        plaintiff fails to prosecute his or her case or fails to comply with the
25      court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)
        (recognizing that a court "may act *sua sponte* to dismiss a suit for failure
26      to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv.,

1   403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an
2   action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a
    plaintiff's failure to prosecute or comply with the rules of civil procedure
3   or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.
    1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district
4   court may dismiss an action for failure to comply with any order of the
    court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of
5   City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that
    district courts have inherent power to control their dockets and may
6   impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

7 (Id. at 1-2.)  The court's docket reveals that plaintiff failed to file a second amended complaint or

8 a response to the OSC.[2]

9 II.     DISCUSSION

10         Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

11 action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

12

13

14   [2] Plaintiff cannot claim ignorance of the need to prosecute cases and comply the court's orders.  Plaintiff is a frequent filer of lawsuits and has filed many lawsuits in this court over the last decade.  See, e.g., Sherman v. People of California, No. 2:02-cv-00372 FCD GGH HC
15 (closed); Sherman v. People of California, 2:02-cv-00373 FCD DAD HC (closed); Sherman v. People of the State of California, No. 2:04-cv-01310 LKK KJM HC (closed); Sherman v. City of
16 Davis, No. 2:04-cv-02320 LKK EFB PS (closed); Sherman v. Yolo County, No. 2:05-cv-01052 MCE DAD PS (closed); Sherman v. Yolo County Sheriff, No. 2:06-cv-00016 GEB DAD HC
17 (closed); Sherman v. Yolo County Sheriff, No. 2:06-cv-00017 DFL GGH HC (closed); Sherman v. Yolo County Sheriff, No. 2:06-cv-00018 FCD CHS HC (closed); Sherman v. Cal. Attorney
18 Gen., No. 2:06-cv-00911 JKS HC (closed); Sherman v. Cal. Attorney Gen., No. 2:06-cv-00931 FCD GGH HC (closed); Sherman v. Yolo County Chief Probation Officer, No. 2:06-cv-00934
19 GEB KJM PC (closed); Sherman v. Davi, No. 2:06-cv-01217 GEB GGH PS (closed); Sherman v. Dynes, No. 2:06-cv-01345 MCE DAD PS (closed); Sherman v. Henderson, No. 2:06-cv-
20 02141 GEB GGH PC (closed); Sherman v. Yolo County Chief Probation Officer, No. 2:06-cv-02270 FCD DAD HC (closed); Sherman v. Henderson, 2:06-cv-02414 GEB GGH PC (closed);
21 Sherman v. Yolo County Chief Probation Officer, No. 2:06-cv-02415 ALA HC (closed); Sherman v. Dynes, 2:07-cv-00228 GEB CMK PC (closed); Sherman v. Cal. Real Estate Comm'r
22 Davi, No. 2:07-cv-396 DFL EFB PS (closed); Sherman v. Yolo County Chief Probation Officer, No. 2:07-cv-01645 MCE DAD HC (closed); Sherman v. Yolo County Chief Probation Officer,
23 No. 2:07-cv-02055 WBS CMK HC (closed); Sherman v. Chief Probation Officer, No. 2:07-cv-02260 TJH HC (closed); Sherman v. Davi, No. 2:08-cv-02842 GEB EFB PS (closed); Sherman
24 v. Cheung, No. 2:09-cv-01783 MCE EFB PS (closed); Sherman v. Cheung, No. 2:10-cv-01783 MCE EFB PS (closed); Sherman v. Sun, No. 2:10-cv-03120 GEB JFM PS (closed); Sherman v.
25 City of Davis, No. 2:11-cv-00820 JAM GGH PS; Sherman v. Solano County Sheriff, No. 2:11-cv-01535 KJN HC (closed); Sherman v. Yolo County Sheriff, No. 2:11-cv-01537 DAD HC
26 (closed).

3

1  failure to comply with the court's local rules, or failure to comply with the court's orders.[3]  See,

2  e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

3  *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

4  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

5  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

6  or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

7  1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

8  may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S.

9  915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district

10  court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

11  amended petition), cert. denied, 538 U.S. 909 (2003).  This court's Local Rules are in accord.

12  See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

13  any order of the Court may be grounds for imposition by the Court of any and all sanctions

14  authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local

15  Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

16  Procedure, the court's Local Rules, and other applicable law may support, among other things,

17  dismissal of that party's action).

18  A court must weigh five factors in determining whether to dismiss a case for

19  failure to prosecute, failure to comply with a court order, or failure to comply with a district

20  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

21  (1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket; (3) the risk of prejudice
22  to the defendants; (4) the public policy favoring disposition of
cases on their merits; and (5) the availability of less drastic
23  alternatives.

25  [3] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails
to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the
26  action or any claim against it."  Fed. R. Civ. P. 41(b).

4

1    Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

2    Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

3    "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

4    way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

5    Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

6            Although involuntary dismissal can be a harsh remedy, on balance the five

7    relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support

8    dismissal of this action.  Plaintiff's failure to file a second amended complaint on two occasions

9    and a response to the OSC despite clear warnings of the consequences for such failures, strongly

10   suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it.

11   See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

12   expeditious resolution of litigation always favors dismissal.").  Any further time spent by the

13   court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will

14   consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at

15   1261 (recognizing that district courts have inherent power to manage their dockets without being

16   subject to noncompliant litigants).

17           In addition, the third factor, which considers prejudice to a defendant, should be

18   given some weight.  See Ferdik, 963 F.2d at 1262.  Although the court has not ordered that

19   plaintiff's operative complaint be served on the defendants, the defendants remain named in a

20   lawsuit.  It is difficult to quantify the prejudice suffered by the defendants here; however, it is

21   enough that the defendants have been named in a lawsuit that plaintiff has effectively abandoned.

22   At a minimum, the defendants have been prevented from attempting to resolve this case on the

23   merits by plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is

24   presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460

25   F.3d at 1227.

26   ////

1    The fifth factor, which considers the availability of less drastic measures, also

2   supports dismissal of this action.  As noted above, the court has actually pursued remedies that

3   are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

4   128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

5   actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

6   Malone v. Frank, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to file a

7   second amended complaint, provided plaintiff with additional time to file a second amended

8   complaint, and granted plaintiff an opportunity to explain his failure to file that amended

9   pleading.  Moreover, the court advised plaintiff that he was required to actively prosecute his

10   action and follow the court's orders.  It also warned plaintiff in clear terms that failure to file a

11   second amended complaint and a response to the OSC would result in a recommendation of

12   dismissal with prejudice, based in part on plaintiff's consent to such a dismissal.  Warning a

13   plaintiff that failure to take steps towards resolution of his or her action on the merits will result

14   in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik,

15   963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his

16   failure to obey the court's order will result in dismissal can satisfy the 'consideration of

17   alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds

18   no suitable alternative to a recommendation for dismissal of this action.  This finding is

19   supported by the fact that plaintiff is proceeding in forma pauperis and thus would very likely be

20   unable to pay any monetary sanction imposed in lieu of dismissal.

21    The court also recognizes the importance of giving due weight to the fourth factor,

22   which addresses the public policy favoring disposition of cases on the merits.  However, for the

23   reasons set forth above, factors one, two, three, and five strongly support a recommendation of

24   dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

25   proper "where at least four factors support dismissal or where at least three factors 'strongly'

26   support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

1   and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

2   outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

3   963 F.2d at 1263.

4   III.   CONCLUSION

5          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

6          1.     Plaintiff's action be dismissed with prejudice pursuant to Federal Rule of

7   Civil Procedure 41(b) and Local Rules 110 and 183(a).

8          2.     The Clerk of Court be directed to close this case and vacate all dates.

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

13  Such a document should be captioned "Objections to Magistrate Judge's Findings and

14  Recommendations."  Any response to the objections shall be filed with the court and served on

15  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

16  Failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

18  1153, 1156-57 (9th Cir. 1991).

19          IT IS SO RECOMMENDED.

20  DATED:  June 20, 2012

21

22  _____
    KENDALL J. NEWMAN
23  UNITED STATES MAGISTRATE JUDGE

24

25

26

7